

**RUTHERFORD & CHRISTIE** LLP
NEW YORK   ATLANTA

June 17, 2022

<u>Via:ECF</u>
District Judge Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *Taniyha Brown v. Highway Transport Chemical, LLC, et al.*
      Case No.: 20-cv-8652 (PKC)

> Having reviewed the letter of June 17 and response of June 22 and having heard nothing further, the Court concludes that all fact discovery has been completed. The Court will conduct a conference on October 25, 2022 at 10:30 a.m. in Courtroom 11D. Letter motion DE 28 is terminated.
> SO ORDERED.
> Dated: 9/28/2022
>
> /s/ P. Kevin Castel
> P. Kevin Castel
> United States District Judge

Dear Honorable Judge Castel:

My firm represents the defendants with regard to the referenced matter. The plaintiff is represented by Karine Bogoraz, Esq. of the Bogoraz Law Group, P.C. who is copied on this letter. By way of background, this matter involves a motor vehicle accident that occurred on July 24, 2019 (hereinafter "subject accident"), the facts of which are contested. The last Case Management Conference was supposed to have taken place on June 17, 2022, however, the plaintiff's counsel failed to appear for same. A further Case Management Conference has not been scheduled.

This letter shall serve as the defendants' letter motion to dismiss, which is the defendants' fourth letter motion to address the plaintiff's failures in complying with discovery and more specifically with regard to your Honor's Order of February 16, 2022 (Docket No. 23), Order of March 11, 2022 (Docket No. 26) and the plaintiff's failure to appear at the Case Management Conference on June 17, 2022.

By way of background, the parties appeared for a Rule 16 Conference on September 9, 2021 which resulted in a Civil Case Management Plan and Scheduling Order (Docket No. 14) wherein all fact discovery was to be completed by January 7, 2022.

On October 26, 2021, I wrote to your Honor to address a discovery dispute that arose in this case (Docket No. 15) in that the plaintiff had not complied with the September 9, 2021 Civil Case Management Plan and Scheduling Order and did not provide my office with appropriate authorizations to obtain the plaintiff's relevant medical records and did not respond to some of the defendants' other outstanding discovery demands.

On November 5, 2021, your Honor issued an Order (Docket No. 17) directing the plaintiff to comply with outstanding discovery by November 22, 2021.

On November 18, 2021, the plaintiff seemingly complied with your Honor's November 5, 2021 Order and served my office with outstanding discovery responses including, *inter alia*, authorizations to obtain the plaintiff's records (Docket No. 18-19).

800 THIRD AVENUE
9TH FLOOR
NEW YORK, NY 10022-7649

T: (212) 599-5799   |   F: (212) 599-5162
WWW.RUTHERFORDCHRISTIE.COM

After my office received some of the plaintiff's records pursuant to the authorizations we received on November 29, 2021, it was evident that there were numerous additional medical providers that the plaintiff treated with for the injuries she claims to have sustained in the subject accident. However, the plaintiff never provided authorizations to my office to obtain her (the plaintiff's) records from those providers and, as such, she had failed to comply with your Honor's November 5, 2021 Order (Docket No. 17). According to the plaintiffs' records that we were finally able to obtain and review (as a result of the November 29, 2021 disclosure of authorizations), we learned that the plaintiff had been in a subsequent motor vehicle accident on June 30, 2021 (hereinafter "subsequent accident") wherein she claimed to have sustained the same or similar injuries to those that she alleges to have sustained in the subject accident, which forms the basis of this case.

Prior to my office learning of the plaintiff's subsequent accident, the plaintiff had never disclosed the subsequent accident and never provided my office with any authorizations to obtain her records related to the treatment she received for the same or similar injuries that she purportedly sustained the subsequent accident. This is particularly troubling because, as indicated above, the parties appeared for a Rule 16 Conference on September 9, 2021 which was just a little more than two months after the plaintiff's subsequent accident and the plaintiff's counsel never mentioned a word of this to the Court or to opposing counsel.

In any event, upon figuring out that there were additional outstanding authorizations that the plaintiff should have disclosed and the fact that the plaintiff was in a subsequent motor vehicle accident, wherein she claimed to have sustained the same or similar injuries to those that she alleges to have sustained in the subject accident, I contacted the plaintiff's counsel. We met and conferred about the foregoing and the plaintiff's counsel agreed she would provide my office with the requisite additional outstanding authorizations to obtain: (1) all of the plaintiff's treatment records for the injuries she alleged; and (2) authorizations for her subsequent accident of June 30, 2021. The plaintiff's counsel also advised that she had no objection and consented to a further extension of the discovery schedule in order for the defendants to obtain all of the plaintiff's relevant records before proceeding with her deposition and expert discovery.

On February 11, 2022, my office made a second letter motion to your Honor (Docket No. 22) to address the plaintiff's failures in providing the defendants with all of the appropriate authorizations to obtain her records regarding: (1) her alleged injuries she claims to have resulted from the subject accident; (2) treatment prior to and following the subject accident that have any bearing on her claims in this lawsuit; (3) her subsequent motor vehicle accident on June 30, 2021; and (4) to set a revised discovery schedule so that the defendants would not be prejudiced by the plaintiff's willful and intentional efforts to avoid disclosure. That same day, I also wrote to the plaintiff's counsel providing a detailed list of medical providers that treated the plaintiff for her alleged injuries from the subject accident (July 24, 2019 accident) as provided for in her no-fault payment summary regarding for which authorizations were never provided. I also demanded that my office be provided with authorizations to obtain the plaintiff's no-fault file, treatment records, collateral source records, etc. with regard to the subsequent accident. Included with my correspondence of February 11, 2022 to the plaintiff's counsel, were copies of the plaintiff's no-fault payment summary and medical records from Dr. Leonid Reyfman of LR Medical, which establishes that: (1) the plaintiff treated with ten medical providers which my office had not been provided

authorizations for; and (2) that the plaintiff, was, in fact, in the subsequent accident and is claiming to have injured her left shoulder, neck and lower back, which she claims to have injured in the subject accident. A copy of my correspondence to the plaintiff's counsel with the attachments is annexed hereto as **Exhibit "A."**

On February 16, 2022, your Honor issued another Order providing, *inter alia*, under pain of Rule 37(b) sanctions, that within 14 days, the plaintiff is to provide my office with authorizations for all records relating to (1) the alleged injuries the plaintiff claims to have resulted from the subject accident; (2) treatment prior to and following the subject accident that have any bearing on her claims in this case; and (3) the plaintiff's subsequent accident (Docket No. 23).

Despite your Honor having issued two prior conditional Orders (Docket No. 17 and Docket No. 23), specifically warning the plaintiff that her non-compliance would result in sanctions, and having extended the discovery deadlines several times, your Honor issued another Order on March 11, 2022 providing the plaintiff with a final opportunity to produce authorizations for all records relating to the matters indicated in items (1), (2), and (3) above within 14 days (March 25, 2022) or the case would be dismissed with prejudice (Docket No. 26).

On March 15, 2022, the plaintiff's counsel wrote to your Honor and advised that the plaintiff was in full compliance with all of your Honor's Orders and directives and that all authorizations responsive to items (1), (2), and (3) had been provided to defense counsel (Docket No. 27). Once again, the plaintiff seemingly complied with your Honor's Order (Docket No. 26).

Upon receipt of the additional authorizations as outlined in the plaintiff's counsel's correspondence of March 15, 2022 (Docket No. 27), my office processed the same. Once again, only after receiving the plaintiff's no-fault payment summary in late May 2022 regarding her subsequent accident, did my office learn of additional medical providers that the plaintiff failed to disclose. Based upon the plaintiff's no-fault payment summary for her subsequent accident, it is evident that the plaintiff failed to comply with your Honor's March 11, 2022 Order (Docket No. 26). Since the plaintiff failed to fully comply and provide defense counsel with all of the requisite authorizations as required pursuant to your Honor's March 11, 2022 Order (Docket No. 26), this case ought to be dismissed with prejudice.

There can be no question that the plaintiff failed to provide defense counsel with all of the requisite authorizations as directed and outlined in your Honor's March 11, 2022 Order (Docket No. 26). On May 23, 2022, I contacted the plaintiff's counsel's office and advised that the plaintiff failed to disclose additional authorizations regarding the plaintiff's subsequent accident. In determining this, I compared the list of authorizations that had been provided by the plaintiff's counsel with the plaintiff's treatment providers for her subsequent accident as provided for in her no fault payment summary. There were four additional medical providers which the plaintiff failed to provide authorizations for. I e-mailed the plaintiff's counsel's paralegal, Atiqa Rehman, and provided her with a list of the missing authorizations as well as a copy of the no fault payment summary for the plaintiff's subsequent accident. A copy of my May 23, 2022 e-mail including the no fault payment summary for the plaintiff's June 30, 2021 accident is annexed hereto as **Exhibit "B."** On June 6, 2022 the plaintiff sent a letter (as indicated on the envelope), dated May 31, 2022, to my office (which we did receive until June 13, 2022) providing additional outstanding authorizations that should have been provided no later than March 25, 2022. A copy of the plaintiff's May 31, 2022

RUTHERFORD & CHRISTIE LLP

letter is annexed hereto as **Exhibit "C."** The plaintiff never objected to providing these additional authorizations or contested the fact that she treated with these providers with regard to her subsequent accident.

As your Honor has made clear, Rule 37(b)(2)(A), Fed. R. Civ. P., provides that "[i]f a party ... fails to obey an order to provide or permit discovery . . . the Court where the action is pending may issue further just orders." The rule recites a range of sanctions, including deeming a disputed fact to be established, precluding evidence on a subject, or striking a pleading and entering a default. See Rule 37(b)(2)(A)(i-vii). The Second Circuit has set forth several factors to be considered in determining the issue of sanctions under Rule 37, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of... noncompliance." citing, *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (per curiam) (internal quotation marks omitted). See, *Harris v. Fairweather*, 2012 U.S. Dist. LEXIS 61641; 2012 WL 1551719 (S.D.N.Y. May 2, 2012).

As demonstrated above, despite the extensive warnings your Honor made to the plaintiff throughout this case and even after your Honor specifically stated that non-compliance with your Honor's March 11, 2022 Order (Docket No. 26) would result in the plaintiff's case being dismissed with prejudice, the plaintiff still failed to comply with your Honor's Order's Orders. In addition, the plaintiff's counsel failed to appear for the Case Management Conference which was supposed to have taken place on June 17, 2022.

Under the circumstances presented, the plaintiff failures to provide appropriate disclosure regarding her alleged injuries throughout this case, can only be said to have been willful and contumacious. It is respectfully submitted that your Honor's March 11, 2022 Order (Docket No. 26) should be affirmed and this case should be dismissed with prejudice.

To date, no depositions have been conducted in this case and both fact and expert discovery remains outstanding. The delays in this case rest solely with the plaintiff and her counsel and cannot be attributed whatsoever to the defendants. It would simply be unjust if the defendants were to be unable to proceed with discovery in this case. If your Honor does not dismiss this case, it respectfully requested that the discovery deadlines be extended once again.

Respectfully submitted,

**RUTHERFORD & CHRISTIE, LLP**

Michael C. Becker (MCB 1536)

cc: *Via ECF*
BOGORAZ LAW GROUP, P.C.
Attention: Karine Bogoraz, Esq.
3820 Nostrand Avenue, Suite 106
Brooklyn, NY 11235
(646) 809-1616